UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:15-13-KKC-10 |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| RAUL GARCIA VALENCIA, | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on a motion by defendant Raul Garcia Valencia (DE 991) for compassionate release under 18 U.S.C. 3582(c)(1)(A). The United States has responded (DE 994), and the matter is ripe for the Court's review.

Garcia is currently serving a 160-month sentence after being found guilty of conspiracy to distribute five kilograms or more of cocaine, conspiracy to launder money, and interstate or foreign travel in aid of racketeering offenses. (DE 787.) With good time credit, Garcia is projected to be released on January 24, 2027.

The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960

F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In its response to Garcia's motion, the government argues that the Court cannot grant compassionate release in this case because Garcia failed to meet either requirement of the mandatory condition by filing his motion prematurely. This is a proper invocation of the mandatory condition. *Id*. (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.") The next issue then is whether Garcia has met the mandatory condition to this Court's ability to grant him compassionate release.

In his motion, Garcia claimed to have exhausted his administrative remedies (DE 991 at 3), but the government has presented evidence that he, in fact, had not exhausted his administrative remedies when he filed his motion. Garcia filed the pending motion on December 7, 2021, less than 30 days after his request to the warden filed on November 15, 2021 (DE 994-4) and prior to receiving a response from the warden. (DE 994-5.) Thus, Garcia filed his motion prior to satisfying the mandatory condition, the government properly invoked the condition, and the Court must enforce it. Garcia may re-submit his motion when he can provide proof that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A).

Accordingly, the Court HEREBY ORDERS that Garcia's motion for compassionate release (DE 994) is DENIED WITHOUT PREJUDICE.

This 5th day of January, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY