UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>RAUL GARCIA VALENCIA,<br>    Defendant. | CRIMINAL NO. 5:15-13-KKC-10<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on a motion by Defendant Raul Garcia Valencia (DE 1000) for compassionate release under 18 U.S.C. 3582(c)(1)(A). The United States has responded (DE 1002), Defendant has not replied, and the matter is ripe for the Court's review.

Garcia is currently serving a 160-month sentence after being found guilty of conspiracy to distribute five kilograms or more of cocaine, conspiracy to launder money, and interstate or foreign travel in aid of racketeering offenses. (DE 787.) With good time credit, Garcia is projected to be released on January 24, 2027.

Garcia moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. §

3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his motion, Garcia cites the risks of COVID-19 and claims that he suffers from asthma and obesity. (DE 1000 at 2.) While Garcia's medical records would support a finding of obesity (DE 994-1), Garcia does not offer evidence—and his medical records do not provide any—that he suffers from asthma.

2

Additionally, the government presents evidence that Garcia has received two doses of the COVID-19 vaccination. (DE 994-2.) Garcia's COVID-19 vaccination will decrease his chances of contracting COVID-19 to a degree significant enough that the Court is unable to find that his circumstances present "extraordinary and compelling" reasons warranting a sentence reduction. *See United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)) ("Accepting the serious nature of Traylor's alleged medical conditions, her argument is foreclosed by our recent holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'").

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing

Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Garcia's original sentencing hearing. (DE 853.) The Court has reconsidered them for this motion. Garcia was found guilty of conspiracy to distribute five kilograms or more of cocaine, conspiracy to commit money laundering, and foreign travel or transportation in aid of racketeering enterprises, and he was sentenced to 160 months of imprisonment. (DE 787.) Garcia's conduct was part of a significant drug trafficking operation. (DE 853.) At this time, with good time credit, Garcia is projected to be released on January 24, 2027. While the Court acknowledges that Garcia has served over 50% of his imposed sentence, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Garcia's sentencing, it is not appropriate to order his release at this time.

For all these reasons, the Court HEREBY ORDERS that Defendant Raul Garcia Valencia's motion for compassionate release (DE 1000) is DENIED.

This 1st day of March, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY