UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RAUL GARCIA VALENCIA,<br>    Defendant. | CRIMINAL NO. 5:15-13-KKC-10<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on defendant Raul Garcia Valencia's motion to reduce his sentence. (DE 1023). For the following reasons, the Court will DENY the motion.

Garcia is currently serving a 160-month sentence after being found guilty of conspiracy to distribute five kilograms or more of cocaine, conspiracy to launder money, and interstate or foreign travel in aid of racketeering offenses. (DE 787). With good time credit, Garcia is projected to be released on January 24, 2027. The Court previously denied Garcia's first motion for compassionate release, in which he argued his health issues and the COVID-19 pandemic presented extraordinary grounds for release. (DE 1003).

Garcia now moves for a sentence reduction pursuant to 18 U.S.C. 3582(c)(1)(A) and argues that the Court should grant relief based on the First Step Act's broadening of the "safety valve" relief for certain first-time offenders. Garcia does not specifically cite § 402 of the Act, but does cite its language. The Act expanded safety valve relief for some offenders that qualify based on their criminal history and the nature of the crime of conviction. First Step Act of 2018, Pub. L. No.

115-391, § 402(a), 132 Stat. 5194; 18 U.S.C. § 3553(f). He claims that he now meets the requirements for safety valve relief, pursuant to these 2018 amendments.

The Act specifically states, however, that "the amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act." In other words, the 2018 safety valve changes are not retroactive. Garcia was sentenced in September of 2016. Thus, the 2018 amendments do not apply here. The "extraordinary and compelling" language in § 3582(c)(1)(A)(i) is "not a license to override the non-retroactivity of any statute." *United States v. Hunter*, 12 F.4th 555, 568 (6th Cir. 2021).

Because non-retroactive changes in the law "cannot be relied upon as extraordinary and compelling explanations for a sentence reduction, regardless of whether the legal changes are offered alone or combined with other personal factors," Garcia must show some other extraordinary and compelling reasons for § 3582(c)(1)(A) relief. *Id.* His motion only discusses the First Step Act's safety valve amendments. Accordingly, the Court hereby ORDERS that Garcia's motion for a sentence reduction (DE 1023) is DENIED.

This 18th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY